IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEREL SMITH #2160477 | § | |
| | § | |
| V. | § | A-19-CV-1138-LY |
| | § | |
| DETECTIVE STACI ANDERSON | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the McConnell Unit of the Texas Department of Criminal Justice - Correctional Intuitions Division. Plaintiff alleges Austin Police Detective Staci Anderson made a false statement in the Affidavit for Warrant of Arrest and Detention executed on August 30, 2016. Specifically, Plaintiff objects to the statement that Plaintiff is a "trained former boxer." The remainder of the affidavit for Plaintiff's arrest for "AGGRAVATED ASSAULT 'Serious Bodily Injury'" provided that Plaintiff struck the

1

victim in the left side of the face. State v. Smith, No. D-1-DC-16-301628 (Dist. Ct. of Travis County, 147th Judicial Dist. of Texas) (Arrest Affidavit, Aug. 30, 2016). The victim's injury consisted of a broken jaw that required his mouth to be wired shut for eight weeks. Id. The victim identified Plaintiff as the subject who broke his jaw. Id.

Following a bench trial, the trial court convicted Plaintiff of the second-degree felony offenses of aggravated assault with a deadly weapon and aggravated assault causing serious bodily injury to another. Smith v. State, No. 03-17-00694-CR, 2019 WL 2426595 at, *1 (Tex. App. – Austin 2019, pet. ref'd). The trial court assessed punishment at confinement for nine years for each offense and ordered the sentences to run concurrently. Id. Finding a double jeopardy violation, the Third Court of Appeals of Austin reversed and vacated the judgment of conviction for aggravated assault causing serious bodily injury to another. Id.

Plaintiff sues Detective Staci Anderson and seeks an unspecified amount of monetary damages. He alleges the detective "[d]eprived [him] of life, loss of liberty and property." Plaintiff appears to be asserting a violation of his due process rights under the Fourteenth Amendment. Plaintiff does not allege he was falsely arrested without probable cause in violation of the Fourth Amendment.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal

for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B. Malicious Prosecution

To the extent Plaintiff is attempting to raise a claim of malicious prosecution his claim fails. The Supreme Court has not approved a substantive due process claim arising from malicious prosecution, Albright v. Oliver, 510 U.S. 266 (1994), and no subsequent decision of that Court or of the Fifth Circuit Court of Appeals has rendered such a claim cognizable, much less "clearly established." See, e.g., Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (en banc). Moreover, Plaintiff's criminal proceedings have not terminated in his favor. Plaintiff was convicted of aggravated assault with a deadly weapon after a bench trial and sentenced to nine years in prison.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff

from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

4

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on November 26, 2019.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE